## Case No. 13,086.

### SMITH v. ONTARIO.

[17 Blatchf. 240.] 1

Circuit Court, N. D. New York. Oct. 23, 1879.

NEW TRIAL—REARGUMENT.

1. After the court has heard and denied a motion for a new trial, in a suit at law, and a judgment has been rendered and paid and satisfied. it has no power to grant leave to re-argue the motion for a new trial.

2. The decision in Smith v. Ontario [Case No. 13,085] commented on.

[This was an action on certain coupons by Andrew J. Smith against the town of Ontario. Heard on motion for leave to re-argue a motion for a new trial.]

Albertus Perry, for plaintiff.
William F. Cogswell, for defendant.

WHEELER, District Judge. This is a motion for leave to re-argue a motion for a new trial made after a verdict for the defendant at June term, 1877, and heard and denied as of June term, 1878 [Case No. 13,085]. The principal grounds upon which this motion is made are, as alleged, that there were material differences between the case as drawn up and printed, on which the former motion was heard, and the case as actually tried, and that the decision upon the former motion, while professing to follow, was contrary to, the decisions of this court upon the same questions, when held by resident judges. It is opposed upon the ground that it is ·made out of time, and upon its merits.

The action was brought upon coupons to the amount of $525, from bonds issued in aid of the Lake Ontario Shore Railroad, under a special law of the state of New York, passed April 19th, 1869 (Laws N. Y. 1869, c. 241). The case was made to turn upon the sufficiency of the affidavit of the assessors to prove consent to issuing the bonds, required by the act before the bonds should be issued. By the printed case on which the motion for a new trial was heard, it appeared that some of the consents were filed in the county clerk's office on different days from others in December. 1870, and the affidavit in that month, without showing on what day of the month; and, in the decision of the case, stress was laid upon this diversity of filing, as showing that the affidavit was not so connected with the consents as to be helped out by their contents. On production now of the papers used at the trial, it appears that the affidavit and consents were each filed separately, and then all together as one roll, on the 23d day of that December, and that at some time they were all tied together. This does not seem to vary the case much from what it appeared to be before. The point was, that, although the affidavit showed that consent to something had been given, it did

not show to what; and that, not referring or being attached to any consent, it could not be gathered that the affidavit meant that consent had been given to what was contained in the consents. The fact that the affidavit and consents were filed together as one roll, and attached together, would, standing alone, have some tendency to show that the affidavit, made after the consents, was made with reference to them. as was held by Blatchford, J., in Phelps v. Lewiston [Case No. 11,076]. But, when it appears that each paper was before filed separately, as if it came from different sources from the others, this tendency is done away with. If any other facts existed, tending to show that the affidavit was made with reference to the consents produced, they were not shown.

It is true, that the court professedly intended to follow the former decisions of the court, all of which had been made by resident judges, so far as appeared, in like cases. But, up to the time when the decision upon the motion for a new trial was made, no former case was produced, which, in its facts, appeared to be like this. It was not expected that this case would be decided for the plaintiff because all actions upon such bonds or coupons had been so decided, nor because all actions upon such bonds or coupons in aid of the same road, or issued by the same town, had been; nor was it expected that an ambulatory decision, which would follow such as might thereafter be made, was to be rendered. It now appears, that cases like this upon their essential facts have been .decided in favor of the plaintiffs, but no opinion has yet been produced in which any judge has discussed the sufficiency of any affidavit like this standing by itself, nor holding that the production of an affidavit is not necessary in order to recover upon such bonds or coupons. Such affidavits have been held to be sufficient, but upon what grounds they have been so held,. and whether those grounds would be applicable to this case as it was in fact presented at the trial, has not yet been made clearly to appear. The motion was considered upon what was in fact proved, and not upon what might have been proved at the trial.

But, the motion was denied, judgment for the defendant, to recover its costs, was rendered on the verdict, and the costs appear to have been paid and .the judgment satisfied, before this motion was filed. So, there is no motion to be re-argued, pending anywhere, in this case. The question might be re-argued, but there would be nothing to be decided thereupon, if this motion for leave to re-argue should be granted. After the decision was made, the court might at any time during the same term have, for good cause, changed it. And this might have been done at any time afterwards, while the matter was still depending in court. Harris v. Hardeman, 14 How. [55 U. S.] 334. But, here, the term had ended and another intervened,

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

and the whole matter had ceased to be depending anywhere long before this motion was filed. It was not filed in any cause, for there was no such cause depending; and granting it would be wholly unavailing. Courts frequently, or sometimes, overrule former decisions upon the same question, and decide it differently in new cases; but the former judgments, nevertheless, stand. Hepburn v. Griswold, 8 Wall. [75 U. S.] 603; Legal-Tender Cases, 12 Wall. [79 U. S.] 457. It would not be practicable, nor tolerable, for courts to go back and change all judgments, to make them conform to every change of opinion of the court, held by different or even the same judges. There is no doubt but that courts have power, after cases therein have been ended, on direct application for that purpose by one party and service upon the other, to bring forward causes and correct the judgments therein; but, when so done, the corrected judgments are entered as of the time when the corrections are made, and in causes brought forward and made to be again pending between the parties. Here, no attempt is made to bring forward the cause. The application is not at all for that purpose, nor adequate to that end. It is based upon the supposition, that now the court can take up the motion for a new trial, and decide it over again. If now, then it might for a long time hereafter, and the judgments of courts, instead of ending litigation absolutely with reference to matters litigated, would end it only at the satisfaction of all parties, or the pleasure of the judges.

The cause was tried as the parties chose to present it, was heard on a motion for a new trial, in due course, and decided upon grounds satisfactory to the court as then constituted. This proceeding does not appear to be adequate to disturb the judgment. The motion is denied.